UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| GEORGE LUSTER,<br><br>        Plaintiff,<br><br>v.<br><br>WARDEN JAMES SCHOMIG, et. al.,<br><br>        Defendants. | 02:04-CV-00281-LRH-LRL<br><br>ORDER |

Presently before the court is George Luster's ("Luster") motion (# 64[1]) seeking the immediate grant of a motion for a temporary restraining order that was originally filed on March 26, 2004. Defendants, Warden James Schomig and Martha Sims (collectively, "Defendants"), have filed an opposition (# 67).

**I. Factual and Procedural Background**

Luster is an inmate incarcerated within the state of Nevada at High Desert Prison. On March 26, 2004, Luster filed a motion for a temporary restraining order arguing that the lighting in his cell was inadequate and that failure to issue an injunction would result in irreparable harm to his eye sight. On April 27, 2004, the court dismissed the action finding that Luster failed to exhaust available administrative grievance procedures. (April 27, 2004, Order (# 7) at 2.) Because the

---

[1] Refers to the court's docket number.

court dismissed the action, Luster's motion for a temporary restraining order was denied. *Id*. at 3.

On October 24, 2005, the Ninth Circuit Court of Appeals reversed this court's decision because Luster had alleged that he could not proceed to the first formal appeal level because prison officials made the forms unavailable to him. (October 24, 2005, Memorandum (# 17) at 2.) In light of that decision, this court vacated its previous order denying Luster's motion for a temporary restraining order on December 8, 2005. (December 8, 2005, (# 20).) The court now addresses that motion on its merits.

## II. Legal Standard

The Ninth Circuit uses two alternative tests to determine whether a temporary restraining order should issue. According to the "traditional test," the equitable criteria for granting preliminary injunctive relief are: (1) a strong likelihood of success on the merits; (2) the possibility of irreparable injury to the plaintiffs if injunctive relief is not granted; (3) a balance of hardships favoring the plaintiffs; and (4) advancement of the public interest. *Textile Unlimited, Inc. v. A..BMH & Co., Inc.,* 240 F.3d 781, 786 (9th Cir.2001) (citing *Los Angeles Mem'l Coliseum Comm'n v. Nat'l Football League,* 634 F.2d 1197, 1200 (9th Cir.1980)). In the alternative, the Ninth Circuit uses a "sliding scale" or balancing test where injunctive relief is available to a party who demonstrates either: (1) a combination of probable success on the merits and the possibility of irreparable harm; or (2) that serious questions are raised and the balance of hardships tips in its favor. *A & M Records, Inc. v. Napster, Inc.,* 239 F.3d 1004, 1013 (9th Cir.2001) (citing *Prudential Real Estate Affiliates, Inc. v. PPR Realty, Inc.,* 204 F.3d 867, 874 (9th Cir.2000)).

## III. Discussion

Luster is seeking an injunction that would require Defendants to provide him with improved cell lighting. Defendants oppose the motion arguing that Luster has not demonstrated that he will suffer irreparable injury if the injunction is not granted. Defendants further argue that Luster has not demonstrated a likelihood of success on the merits because there is no evidence to support his

1 claims.  Finally, Defendants argue that the balance of hardships favors Defendants because they
2 would be required to change every light fixture and lighting source.
3    "Adequate lighting is one of the fundamental attributes of 'adequate shelter' required by the
4 Eighth Amendment."  *Hoptowit v. Spellman*, 753 F.2d 779, 783 (9th Cir. 1985).  Nevertheless,
5 Luster has failed to demonstrate that an injunction should issue at this time.
6    Other than Luster's unsupported assertions, there is no evidence that the lighting provided
7 in Luster's cell is inadequate.  *See* (Mot. for TRO (# 3), Aff. of George Luster.)  Luster in an inmate
8 at High Desert Prison.  There is no indication that Luster is an expert with respect to lighting that
9 would qualify him to know what is or is not adequate lighting.  Although the court certainly
10 considers Luster's lay opinion, such opinion is insufficient to show that Luster will likely succeed
11 on the merits of his case.
12    In addition to Luster's own opinion, Luster points to a Consultation Report from an
13 optometrist, Dr. Leeks, that contains the notation, "Needs More Light."  (Luster's Appendix of
14 Exhibits (# 63), Consultation Request/Report, Ex. E047.)  However, this report does not contain
15 adequate foundation explaining the notation.  *See id*.  In other words, it is unclear if Dr. Leeks was
16 concluding that Luster's eye sight worsened as a result of him needing more light or whether Dr.
17 Leeks actually has personal knowledge as to the lighting conditions in Luster's cell.  *See id*.
18    Defendants have produced an affidavit from the Facilities Supervisor at High Desert Prison,
19 Scott Alexander, indicating that the cell lighting is adequate.  (Opp'n to Mot. for Immediate Grant
20 of TRO (# 67), Aff. of Scott Alexander, Ex. A.)  Specifically, Scott Alexander indicates that a light
21 meter measured the cell lighting at 25.2 foot candles or 267 Lumens, which is above the American
22 Correctional Association standard of 20 foot candles.  *Id*. ¶¶ 3-4.  There is no evidence that this
23 amount of lighting is insufficient.  Therefore, Luster has failed to demonstrate a likelihood or
24 success on the merits or that serious question have been raised as to the adequacy of cell lighting.
25    In addition, Luster has failed to demonstrate the possibility of irreparable harm.  There is no
26

1 evidence on the record that the current lighting conditions in Luster's cell may cause his eye sight
2 to deteriorate.  Luster speculates that his eye sight will continue to deteriorate.  However, such
3 speculation is insufficient for the court fo find that Luster's vision may deteriorate or that any
4 possible deterioration would be caused by the lighting conditions in the cell.

5       Finally, the balance of hardships in this case favors Defendants.  Other than Luster's
6 unsupported opinion, there is no evidence that any harm will befall Luster absent an injunction.
7 However, should this court issue the injunction, Defendants will have to change lighting fixtures
8 and lighting sources at the prison.  Because there has been no showing that Luster will suffer harm
9 or that the lighting is inadequate, Defendants will suffer the greater hardship by having to change
10 lighting fixtures and/or lighting sources.

11       IT IS THEREFORE ORDERED that Luster's motion (# 64) seeking the immediate grant of
12 a motion for a temporary restraining order is hereby DENIED.

13       IT IS FURTHER ORDERED that Luster's Motion Requesting Temporary Restraining
14 Order (# 3) is hereby DENIED.

15       IT IS SO ORDERED.

16       DATED this 16th day of October, 2007.

_____
LARRY R. HICKS
UNITED STATES DISTRICT JUDGE