UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

GEORGE LUSTER,

        Plaintiff,            02:04-CV-00281-LRH-LRL

v.

                                    ORDER

WARDEN JAMES SCHOMIG, et. al.,

        Defendants.

       Presently before the court is George Luster's ("Luster") Motion for Immediate Grant of His Objection to Magistrate Order (# 65[1]). Defendants have filed an opposition (# 68).

       On June 1, 2006, Luster filed a motion for a court appointed lighting expert (# 42). Magistrate Judge Lawrence Leavitt denied that motion on August 7, 2006, (# 45) on the basis that a court may not authorize federal funds for the necessary expenditures of an indigent civil litigant's action. On August 21, 2006, Luster filed objections (# 46) arguing that he did not request court funding to pay for an expert and that the Occupational Safety and Health Administration ("OSHA") has consented to accept a pro bono appointment.

       28 U.S.C. § 636(b)(1)(A) permits a District Judge to designate a magistrate judge to determine pretrial matters that are not dispositive of the case. This court may reconsider any

---

[1] Refers to the court's docket number.

pretrial matter upon a showing that the magistrate judge's order is clearly erroneous or contrary to law. 28 U.S.C. § 636(b)(1)(B); Fed. R. Civ. P. 72(a).

In this case, it appears that the magistrate judge misconstrued the nature of Luster's motion. Rather than requesting court funds to pay for an expert, Luster is seeking, pursuant to Federal Rule of Evidence 706, to have an expert appointed and paid for by Defendants. The appointment of an expert pursuant to Rule 706 is discretionary. *See* Fed. R. Evid. 706(a).

Upon carefully considering the parties' points and authorities, relevant law, and the record as a whole, the court will deny Luster's motion. Luster has failed to make an adequate showing that would call into question the sufficiency of the lighting at High Desert Prison. Other than Luster's opinion that the lighting is inadequate, there is nothing in the record to suggest that more lighting is needed. The fact that Luster's vision may be deteriorating does not show that such deterioration is caused by lighting conditions. In fact, the Affidavit of Scott Alexander, Facilities Supervisor at High Desert Prison, indicates that the cell lighting is above the American Correctional Association standard. Based on the current state of the record, Luster has not sufficiently demonstrated a serious question that would prompt this court to order the appointment of an expert at the expense of Defendants.

The court further notes that Luster has mischaracterized a May 9, 2006, Letter written on behalf of OSHA. *See* (Mot. for Appointment of Lighting Expert (# 42), May 9, 2006, Letter.) Luster argues that this letter constitutes a consent by OSHA to be appointed as a lighting expert. However, the May 9, 2006, Letter merely refers Luster to Section 618.425 of the Nevada Revised Statutes. *Id*. Nothing in the letter would suggest that OSHA has consented to be appointed as an expert.

Furthermore, Section 618.365 of the Nevada Revised Statutes provides that reports obtained by OSHA "must not be admitted as evidence in any civil action other than an action for enforcement, variance hearing or review under this chapter." Nev. Rev. Stat. § 618.365. Luster's

civil action is not an action for enforcement within the meaning of the statute. *See id*. Thus, any report conducted by OSHA pursuant to the provisions of the Nevada Revised Statutes would not be admissible in this action.

IT IS THEREFORE ORDERED that Luster's Motion for Immediate Grant of His Objection to Magistrate Order (# 65) is hereby DENIED.

IT IS FURTHER ORDERED that Luster's Motion Objecting to Magistrate Order (# 45) is hereby DENIED.

IT IS SO ORDERED.

DATED this 16th day of October, 2007.

_____
LARRY R. HICKS
UNITED STATES DISTRICT JUDGE