1

2

3

4

5

6                        UNITED STATES DISTRICT COURT

7                            DISTRICT OF NEVADA

8                                    * * *
                                       )
9    GEORGE LUSTER,                     )
                                       )
10            Plaintiff,                )              02:04-CV-00281-LRH-LRL
                                       )
11   v.                                 )
                                       )              ORDER
12   WARDEN JAMES SCHOMIG, et. al.,     )
                                       )
13            Defendants.               )
                                       )
14   _____  )

15        Presently before the court is George Luster's ("Luster") motion (# 66) requesting perjury

16   charges and sanctions against Defendants' witness Scott Alexander ("Alexander").  Defendants

17   have filed an opposition (# 69), and Luster replied (# 70).

18        Luster argues that perjury charges and sanctions should be imposed against Alexander

19   because Alexander allegedly submitted an affidavit containing false statements.  Specifically,

20   Luster argues that Alexander falsely stated that his staff conducted a light study and submitted a

21   written report showing that the High Desert Prison cell lighting was above American Correctional

22   Association standards.  Luster contends that Defendants have failed to provide him the light study

23   and that failure to provide the study demonstrates that Alexander committed perjury.  Defendants

24   oppose the motion arguing that Alexander did not commit perjury.  Attached to Defendants' points

25   and authorities in opposition to Luster's motion is an e-mail dated February 2, 2006, addressed to

26   Alexander.  (Opp'n to Pl.'s Mot. (# 69), February 2, 2006, e-mail, Ex. A.)  The e-mail indicates that

the lighting was measured the previous day at 25.2 foot candles or 267 lumens. *Id*. Luster objects

to this document arguing that it is an e-mail discussing the study rather than the study itself.

Luster's motion will be denied. The fact that a document was not produced during

discovery is not proof that the document does not exist. The Federal Rules of Civil Procedure

provide a mechanism to accomplish discovery. Furthermore, the points and authorities filed by

Defendants indicate that the e-mail is in fact the light study report in question. Thus, there is no

evidence that any false statements were made by Alexander.

IT IS THEREFORE ORDERED that Luster's motion (# 66) requesting perjury charges and

sanctions against Defendants' witness Scott Alexander is hereby DENIED.

IT IS SO ORDERED.

DATED this 16th day of October, 2007.

_____
LARRY R. HICKS
UNITED STATES DISTRICT JUDGE

2