UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| GEORGE LUSTER,<br><br>        Plaintiff,<br><br>v.<br><br>WARDEN JAMES SCHOMIG, et al.,<br><br>        Defendants. | 2:04-CV-00281-LRH-LRL<br><br>ORDER |

Before the court is Defendant Martha Sims' Motion for Relief from Order (#136[1]). Plaintiff George Luster has filed an opposition (#137) to which Defendant replied (#138).

This is a civil rights dispute arising out of Luster's incarceration at High Desert State Prison in Indian Springs, Nevada. On March 12, 2009, this court issued an order (#109) granting in part and denying in part Defendants' Motion for Summary Judgment (#84). In the order, the court granted summary judgment as to Luster's claims against all of the defendants in their official capacities and Luster's claims against Defendant Schomig. However, the court denied summary judgment as to Luster's First, Eighth, and Fourteenth Amendment claims against Defendant Sims. In particular, the court found that issues of fact remained concerning (1) Sims' personal participation in the alleged constitutional deprivations, (2) the adequacy of the lighting in Luster's

---

[1] Refers to the court's docket entry number.

1 cell, and (3) Sims' culpability in denying Luster adequate lighting.

2     Sims now asks the court to reconsider its previous ruling in light of a December 23, 2009, order issued by the Honorable Robert C. Jones.[2] (Def.'s Mot. Relief (#136), Ex. B., Order (#104) in *White v. Guinn*, No. 2:06-CV-484-RCJ-RJJ.) Like Luster, Darryl Lloyd White was incarcerated in the High Desert State Prison and filed suit against prison officials alleging that the lighting in his cell was inadequate. In considering the prison officials' Motion to Dismiss, or in the Alternative, Motion for Summary Judgment (#98), the court found that White had failed to demonstrate an Eighth Amendment violation based on inadequate lighting because White failed to plead (1) either acts or omission depriving him of adequate lighting or (2) deliberate indifference to his needs. The court noted in particular that White claimed only that the lighting in his cell was insufficient when it was overcast or rainy and that White had the option of purchasing a reading light for $10.00, but did not do so.

    The court has reviewed Judge Jones' order on the motion to dismiss/motion for summary judgment and the evidence submitted in support thereof and finds that there are material differences between the case now before the court and *White*. First, the study prison officials conducted in White's cell only tested the light when the main bank of lights was engaged. As noted in this court's previous order, Luster complains about the adequacy of his cell lights from 7:30 a.m. to 10 p.m., when only the smaller night light is engaged. There continues to be no evidence before the

---

[2] The court notes that Sims is mistaken in seeking reconsideration pursuant to Federal Rule of Civil Procedure 60. By its terms, Rule 60(b) is limited to "final" judgments, orders, or proceedings. *See* Fed. R. Civ. P. 60(b); *City of Los Angeles v. Santa Monica Baykeeper*, 254 F.3d 882, 886-87 (9th Cir. 2001). "A district court's power to rescind, reconsider, or modify an interlocutory order is derived from the common law," *Santa Monica Baykeeper*, 254 F.3d at 886, and a district may "reconsider its prior rulings so long as it retains jurisdiction over the case." *United States v. Smith*, 389 F.3d 944, 948 (9th Cir.2004). Although, under the law of the case doctrine, a court is generally precluded from "reconsidering an issue that has been decided by the same court, or a higher court, in the same case," where the district court retains jurisdiction, the law of the case doctrine is inapplicable and the district court is free to revisit its earlier decision. *Id.* at 948-49. Because this court has neither entered a final judgment nor relinquished jurisdiction over the case, the court is free to revisit its prior ruling.

1 court indicating the amount of light present in the cells when the main bank of lights is turned off.[3]

2 Moreover, Sims has failed to provide any evidence indicating that Luster's cell had the same lighting conditions as White's cell. For example, it is not clear whether Luster and White's cells were in the same unit or area of the building. In addition, as the court noted in its earlier order, Luster complains of his cell lighting as it existed in 2003. Both the study Defendants offered in their Motion for Summary Judgment (#84) in this case and the study conducted of White's cell occurred in 2006, and it is not clear whether the lighting in the cells changed between 2003 and 2006. Finally, unlike in *White*, there is no evidence before this court suggesting that Luster had access to a reading lamp. To the contrary, the evidence indicates that portable reading lamps were not permitted in Lusters's unit because Luster was in a lock-down unit. Because Sims has not identified any errors in this court's March 12, 2009, order (#109), the court will deny the motion for relief.

IT IS THEREFORE ORDERED that Defendant Sims' Motion for Relief (#136) is hereby DENIED.

IT IS SO ORDERED.

DATED this 2nd day of February, 2010.

_____
LARRY R. HICKS
UNITED STATES DISTRICT JUDGE

---

[3] In *White*, the Warden of High Desert State Prison submitted an affidavit stating that all inmate cells in the prison have a glass window that provides access to tier lighting from the interior of the prison and another glass window that provides access to natural light and lighting from the outside "yard." (*See* Def.'s Mot. Relief (#136), Ex. B, ¶¶ 8-12.) Nonetheless, besides the Warden's statement that the "yard" lighting is "high intensity," it is not clear how much light these sources provide to the inside of the cells.