UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

GEORGE LUSTER,

    Plaintiff,

v.

WARDEN JAMES SCHOMIG, et al.,

    Defendants.

2:04-cv-00281-LRH-LRL

ORDER

Before the court are two motions: first, Defendant's Motion for Summary Judgment (#162[1]), along with Plaintiff's opposition (#175), and Defendant's reply (#176); and second, Plaintiff's Second Motion for Injunctive Relief (#165), along with Defendant's opposition (#166), and Plaintiff's reply (#170).

**I.   Procedural History**

This is a civil rights dispute arising out of Plaintiff George Luster's incarceration at High Desert State Prison in Indian Springs, Nevada.  Pursuant to the court's prior order on summary judgment (#109), the only remaining claims are Luster's First, Eighth, and Fourteenth Amendment claims against Defendant Martha Sims in her individual capacity.  Luster alleges Sims has deprived him of his constitutional rights, in violation of 42 U.S.C. § 1983, by (1) failing to provide adequate

---

[1] Refers to the court's docket entry number.

lighting in his cell, (2) failing to respond to complaints about the lighting, and (3) failing to provide adequate procedures to challenge the lighting. With leave of court (#161), Sims has filed this renewed motion for summary judgment to cure the deficiencies in her prior motion.

**II.    Legal Standard**

Summary judgment is appropriate only when the pleadings, depositions, answers to interrogatories, affidavits or declarations, stipulations, admissions, answers to interrogatories, and other materials in the record show that "there is no genuine issue as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). In assessing a motion for summary judgment, the evidence, together with all inferences that can reasonably be drawn therefrom, must be read in the light most favorable to the party opposing the motion. *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986); *County of Tuolumne v. Sonora Cmty. Hosp.*, 236 F.3d 1148, 1154 (9th Cir. 2001).

The moving party bears the initial burden of informing the court of the basis for its motion, along with evidence showing the absence of any genuine issue of material fact. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). On those issues for which it bears the burden of proof, the moving party must make a showing that is "sufficient for the court to hold that no reasonable trier of fact could find other than for the moving party." *Calderone v. United States*, 799 F.2d 254, 259 (6th Cir. 1986); *see also Idema v. Dreamworks, Inc.*, 162 F. Supp. 2d 1129, 1141 (C.D. Cal. 2001).

To successfully rebut a motion for summary judgment, the non-moving party must point to facts supported by the record which demonstrate a genuine issue of material fact. *Reese v. Jefferson Sch. Dist. No. 14J*, 208 F.3d 736 (9th Cir. 2000). A "material fact" is a fact "that might affect the outcome of the suit under the governing law." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). Where reasonable minds could differ on the material facts at issue, summary judgment is not appropriate. *See v. Durang*, 711 F.2d 141, 143 (9th Cir. 1983). A dispute regarding a material fact is considered genuine "if the evidence is such that a reasonable jury could

return a verdict for the nonmoving party." *Liberty Lobby*, 477 U.S. at 248. The mere existence of a scintilla of evidence in support of the party's position is insufficient to establish a genuine dispute; there must be evidence on which a jury could reasonably find for the party. *Id.* at 252.

**III.    Discussion**

   **A. Eighth Amendment**

Luster alleges that the failure to provide adequate cell lighting subjected him to cruel and unusual punishment in violation of the Eighth Amendment. Two requirements must be met in order to find that a prison official violated the Eighth Amendment. *Farmer v. Brennan*, 511 U.S. 825, 834 (1994). "First, the deprivation alleged must be, objectively, sufficiently serious; a prison official's act or omission must result in the denial of the minimal civilized measure of life's necessities." *Id.* (internal quotations and citations omitted). Where the claim is based on a failure to prevent harm, the inmate must show that the conditions of incarceration pose "a substantial risk of serious harm." *Id.* Second, because "only the unnecessary and wanton infliction of pain implicates the Eighth Amendment," the prison official must have a "sufficiently culpable state of mind." *Id.* (internal quotations and citations omitted). "In prison-conditions case that state of mind is one of 'deliberate indifference' to inmate health or safety[.]" *Id.*

   **1.    Adequacy of the Lighting**

"Adequate lighting is one of the fundamental attributes of 'adequate shelter' required by the Eighth Amendment." *Hoptowit v. Spellman*, 753 F.2d 779, 783 (9th Cir. 1985). "A violation of the state's jail standard [on acceptable lighting] is not sufficient, in and of itself, to prove a violation of the Eighth Amendment." *Shelby County Jail Inmates v. Westlake*, 798 F.2d 1085, 1088 n.3 (7th Cir. 1986). Rather, the constitutional standard remains that the inmate must establish that the conditions of incarceration pose "a substantial risk of serious harm." *Farmer*, 511 U.S. at 834; *see, e.g.*, *Hoptowit*, 753 F.2d at 783 (finding an Eighth Amendment violation where prison lighting was "so poor that it was inadequate for reading and caused eyestrain and fatigue and

hindered attempts to insure that basic sanitation was maintained")

In denying Defendant's prior motion for summary judgment on this issue, the court determined that the lighting study relied on by Defendant was of questionable relevance to the actual lighting conditions in Plaintiff's cells, such that genuine issues of material fact remained as to whether the lighting was in fact inadequate under the Eighth Amendment. Defendant now relies on a new lighting study conducted on September 30, 2010, and the expert opinion of the person conducting that study, Don Gifford. Taking into account an array of illuminance readings using a light meter, the forms of both artificial and natural light that were in fact available to Plaintiff, the times of day such lighting is available, and seasonal and weather-related variables, Mr. Gifford summarizes his findings as follows:

> . . . Plaintiff was afforded well over [20 footcandles] at the desk for between 8 and 12 hours per day, 365 days per year, including days with an overcast sky.
>
> On more than 80% of days the Plaintiff had the advantage of more than 100 fc of light, for no less than 8 hours per day.
>
> At any time of any day or night, by taking advantage of night light illuminance, the Plaintiff was afforded no less than 500% of that [20 footcandle] illuminance level . . . .

Doc. #160-1, p. 10. Regarding the minimum appropriate levels of lighting, Mr. Gifford further opines based on his professional and personal experience that the lighting levels afforded would not pose a substantial risk of physical harm, as reading and writing may be comfortably conducted with "less than 4.0 fc of horizontal illuminance" and certainly "at levels between 5 and 10 fc." *Id.* at 9.

In opposition, Plaintiff does not present any contrary lighting measurements or expert opinions but instead attempts to use Mr. Gifford's measurements to his own advantage and questions Mr. Gifford's conclusions. The court is unpersuaded by Plaintiff's arguments, most, if not all, of which rely on the erroneous premise that an Eighth Amendment violation exists unless there exists a minimum of 20 footcandles of horizontal illuminance at desk level, thereby satisfying the regulatory standard. Plaintiff is correct that Mr. Gifford's measurements evidence that he was

4

afforded less than 20 footcandles of horizontal illuminance at desk level during the early morning and evening hours, and that such levels were exceeded only during mid-day. But even assuming this is sufficient to establish a regulatory violation, such evidence falls woefully short of establishing a *constitutional* violation. *See Shelby County*, 798 F.2d at 1088 n.3.

The lighting measurements in Mr. Gifford's report provide uncontroverted evidence that Plaintiff had available to him levels of lighting far exceeding any levels that would pose a substantial risk of serious harm. Even on an overcast day and at times of day where measurements indicated lighting levels were measured below 20 footcandles of horizontal illuminance at desk level, lighting levels were sufficient to allow for a person to read and write comfortably. Moreover, even if Plaintiff subjectively deemed such lighting insufficient, he could have taken advantage of lighting nearly meeting or far exceeding 20 footcandles merely by changing his position on his bunk or the position of his reading materials to take advantage of all available lighting sources, including the adjacent window. Plaintiff cannot create a constitutional violation merely by refusing to lift his paper or change positions on his bunk.

Because Plaintiff has failed to present sufficient evidence creating a genuine dispute of material fact as to whether the lighting conditions in his cells constituted a denial of the minimal civilized measure of life's necessities, summary judgment is appropriate on Plaintiff's Eighth Amendment claim.

**B. First and Fourteenth Amendments**

Plaintiff next claims that Defendant violated his First Amendment right to meaningful access to the courts and his Fourteenth Amendment right to due process by failing to provide him with grievance forms and by failing to respond to his complaints regarding inadequate cell lighting. Even if such failures occurred, however, Plaintiff has failed to show that he suffered actual injury. Plaintiff alleges that the delay caused by such failures caused the problems with his cell lighting to go unremedied. But as the court has already concluded, the evidence is uncontroverted that the

1  lighting in his cell was adequate.  Summary judgment is therefore appropriate.

2      IT IS THEREFORE ORDERED that Defendant's Motion for Summary Judgment (#162) is

3  GRANTED.

4      IT IS FURTHER ORDERED that Plaintiff's Second Motion for Injunctive Relief (#165) is

5  DENIED as moot.

6      The Clerk of Court shall enter judgment accordingly.

7      IT IS SO ORDERED.

8      DATED this 17th day of October, 2011.

_____
LARRY R. HICKS
UNITED STATES DISTRICT JUDGE