UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

GEORGE LUSTER,

    Plaintiff,

v.

WARDEN JAMES SCHOMIG, et al.,

    Defendants.

2:04-cv-00281-LRH-LRL

ORDER

    Before the court is Defendants' Motion for Nontaxable Costs (#180[1]) under Federal Rules of Civil Procedure 54(d)(1) and 68(d). Defendant, appearing pro se, did not file an opposition.

    Rule 54(d)(1) states that "costs—other than attorney's fees—should be allowed to the prevailing party." The rule thus "creates a presumption in favor of awarding costs to a prevailing party, but the district court may refuse to award costs within its discretion." *Champion Produce, Inc. v. Ruby Robinson Co., Inc.*, 342 F.3d 1016, 1022 (9th Cir. 2003). Here, given the potential chilling effect on the enforcement of the civil rights laws, the court is hesitant to automatically shift costs to a pro se prisoner of meager resources merely because he did not ultimately prevail on his claims. *See Stanley v. Univ. of S. Cal.*, 178 F.3d 1069, 1079 (9th Cir. 1999) (abuse of discretion not to consider the losing party's financial resources and "the chilling effect of imposing such high

---

[1]Refers to the court's docket entry number.

costs on future civil rights litigants); *see also Hughes v. Rowe*, 449 U.S. 5, 14-15 (1980) (in civil rights cases, requiring a heightened standard for shifting attorney's fees to a defendant as a "prevailing party" under 42 U.S.C. § 1988, and noting that such limitations "apply with special force in actions initiated by uncounseled prisoners"). The court also finds that Plaintiff litigated in good faith and the issues presented were neither groundless nor insubstantial. *See Champion*, 342 F.3d at 1022. Indeed, multiple motions for summary judgment were required before judgment was ultimately entered. For these reasons, the court will deny all costs under Rule 54.

Rule 68(d) pertains to costs incurred after an offer of judgment is made and rejected. It provides: "If the judgment that the offeree finally obtains is not more favorable than the unaccepted offer, the offeree must pay the costs incurred afer the offer was made." Fed. R. Civ. P. 68(d). Where applicable, the costs-shifting provided by the rule is mandatory. *United States v. Trident Seafoods Corp.*, 92 F.3d 855, 859 (9th Cir. 1996). The Supreme Court has clearly held, however, that the terms of Rule 68(d) are not satisfied and thus the rule is inapplicable where, as here, the judgment is in the defendant-offeror's favor and the plaintiff-offeree obtains no judgment in his favor at all. *Delta Air Lines, Inc. v. August*, 450 U.S. 346, 352 (1981).

IT IS THEREFORE ORDERED that Defendants' Motion for Nontaxable Costs (#180) is DENIED. The parties are to bear their own costs.

IT IS SO ORDERED.

DATED this 20th day of December, 2011.

_____
LARRY R. HICKS
UNITED STATES DISTRICT JUDGE

2